IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 2 3 2008

CHRIS R. JOHNSON, CLERK

BY _____
DEPUTY CLERK

NANCY ZAMARRON, )
KEVIN CAPPS, )
LIBBY LUSK, )
SARAH FORT, )
BRYCE GOFF, )
JESSE DRABENSTOTT, )
AMANDA KRETZER, and )
RENE OLEA-RAMIREZ, )
)
)
PLAINTIFFS )
)
V. )  CIVIL No. 08-5166
)
CITY OF SILOAM SPRINGS, )
ARKANSAS; CHIEF OF POLICE )   JURY TRIAL DEMANDED
JOE GARRETT, SILOAM )
SPRINGS POLICE DEPT.; )
FORMER CHIEF OF POLICE )
JERRY TOLER; )
JANE DOES #1-5; JOHN DOES )
#1-4; EMPLOYEES OF THE )
CITY OF SILOAM SPRINGS, )
ARKANSAS; each in their official )
and individual capacities, )
)
DEFENDANTS )

## CLASS ACTION
## COMPLAINT FOR VIOLATION OF THE FEDERAL CIVIL RIGHTS ACT, 42 U.S.C. SECTION 1983, AND THE FEDERAL FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

Comes now the Plaintiffs and state and allege as follows:

### PARTIES

1. Each Plaintiff is an adult resident of the state of Arkansas.

2. Defendant City of Siloam Springs, Arkansas, is a municipal corporation established by the laws of the State of Arkansas. Siloam Springs is located in Benton County, Arkansas, which is in the Western District of Arkansas. The City of Siloam Springs is a political sub-division of the State of Arkansas.

3. Defendant Joe Garrett is the current Chief of Police for the City of Siloam Springs, Arkansas, and is the chief policymaker for the City of Siloam Springs in the area of law enforcement activities and custody and control of persons at the City of Siloam Springs Police Department and Jail. Defendant Garrett has been the Chief of Police since December 2006.

4. Defendant Jerry Toler is the former Chief of Police for the City of Siloam Springs, Arkansas, and was the chief policymaker for the City of Siloam Springs in the area of law enforcement activities and custody and control of persons at the City of Siloam Springs Police Department and Jail. His tenure as chief of police was from December 2006 back to the statute of limitations period of July 2005.

5. Each Defendant is sued in his/her official and individual capacity.

## JURISDICTION & VENUE

6. This action arises under Title 42 U.S.C. Secs. 1983 & 1988, Title 28 U.S.C. Secs. 2201, 2202, and FRCP 57, for violation of the Federal Fourth and Fourteenth Amendments to the United States Constitution. Subject matter jurisdiction of this action is by Title 28 U.S.C. Secs. 1331 & 1343. Venue is in the Western District of Arkansas by reason of Title 28 U.S.C. Sec. 1391, as the acts or omissions complained of occurred or will occur in the Western District of Arkansas. All Defendants are believed

to reside in the Western District of Arkansas.

## FEDERAL CAUSE OF ACTION

7. This is an action based upon the United States Supreme Court's decision in *Bell v Wolfish*, 441 U.S. 520 (1979), and the 8th Circuit Court of Appeals decision in *Jones v Edwards*, 770 F.2d 739 (1985). This complaint is based upon the fact that the named Plaintiffs and every other person similarly situated have been the subject of an unlawful strip and body cavity search in violation of the Fourth and Fourteenth Amendments to the United States Constitution. All named Plaintiffs, and every other person similarly situated, were arrested or detained by the Siloam Springs Police Department due to a misdemeanor offense not involving drugs, weapons or other contraband and were then subjected to an illegal strip and body-cavity search.

## FACTS

8. Plaintiff Nancy Zamarron was taken into physical custody by the Siloam Springs Police Department on or about February 2, 2007, and December 7, 2007. Both times she was arrested for a minor misdemeanor offense not involving drugs, weapons or contraband. Both times she was stripped and body-cavity searched at the Siloam Springs Police Department by Jane Doe #1 and Jane Doe #2. Both of these individuals appeared to be employees of the City of Siloam Springs, but their names are currently unknown. This was a non-consensual and warrantless search without any reason to believe that Ms. Zamarron presented any danger to herself or any other person, or would interfere with the security of the detention facility.

9. Plaintiff Kevin Capps was taken into physical custody by the Siloam Springs

Police Department on or about February 16, 2008. He was arrested for a minor misdemeanor offense not involving drugs, weapons or contraband. He was stripped and body-cavity searched at the Siloam Springs Police Department by John Doe #1, who appeared to be an employee of the City of Siloam Springs, but his name is currently unknown. This was a non-consensual and warrantless search without any reason to believe that Mr. Capps presented any danger to himself or any other person, or would interfere with the security of the detention facility.

10. Plaintiff Libby Lusk was taken into physical custody by the Siloam Springs Police Department on or about November 17, 2007. She was arrested for a minor misdemeanor offense not involving drugs, weapons or contraband. She was stripped and body-cavity searched at the Siloam Springs Police Department by Jane Doe #3, who appeared to be an employee of the City of Siloam Springs, but her name is currently unknown. This was a non-consensual and warrantless search without any reason to believe that Ms. Lusk presented any danger to herself or any other person, or would interfere with the security of the detention facility.

11. Plaintiff Sarah Fort was taken into physical custody by the Siloam Springs Police Department on or about December 12, 2007. She was arrested for a minor misdemeanor offense not involving drugs, weapons or contraband. She was stripped and body-cavity searched at the Siloam Springs Police Department by Jane Doe #4, who appeared to be an employee of the City of Siloam Springs, but her name is currently unknown. This was a non-consensual and warrantless search without any reason to believe that Ms. Fort presented any danger to herself or any other person, or would interfere with the security of the detention facility.

12. Plaintiff Bryce Goff was taken into physical custody by the Siloam Springs Police Department on or about October 29, 2006. He was arrested for a minor misdemeanor offense not involving drugs, weapons or contraband. He was stripped and body-cavity searched at the Siloam Springs Police Department by John Doe #2, who appeared to be an employee of the City of Siloam Springs, but his name is currently unknown. This was a non-consensual and warrantless search without any reason to believe that Mr. Goff presented any danger to himself or any other person, or would interfere with the security of the detention facility.

13. Plaintiff Jesse Drabenstott was taken into physical custody by the Siloam Springs Police Department on or about February 8, 2008. He was arrested for a minor misdemeanor offense not involving drugs, weapons or contraband. He was stripped and body-cavity searched at the Siloam Springs Police Department by John Doe #3, who appeared to be an employee of the City of Siloam Springs, but his name is currently unknown. This was a non-consensual and warrantless search without any reason to believe that Mr. Drabenstott presented any danger to himself or any other person or would interfere with the security of the detention facility.

14. Plaintiff Amanda Kretzer was taken into physical custody by the Siloam Springs Police Department on or about December 10, 2007. She was arrested for a minor misdemeanor offense not involving drugs, weapons or contraband. She was stripped and body cavity searched at the Siloam Springs Police Department by Jane Doe #5, who appeared to be an employee of the City of Siloam Springs, but her name is currently unknown. This was a non-consensual and warrantless search without any reason to believe that Ms. Kretzer presented any danger to herself or any other person,

or would interfere with the security of the detention facility.

15. Plaintiff Rene Olea-Ramirez was taken into physical custody by the Siloam Springs Police Department on or about June 22, 2007. He was arrested for a minor misdemeanor offense not involving drugs, weapons or contraband. He was stripped and body-cavity searched at the Siloam Springs Police Department by John Doe #4, who appeared to be an employee of the City of Siloam Springs, but his name is currently unknown. This was a non-consensual and warrantless search without any reason to believe that Mr. Olea-Ramirez presented any danger to himself or any other person, or would interfere with the security of the detention facility.

16. The Jane Doe and John Doe Defendants informed the Plaintiffs that the searches were routine or customary and were done to everyone who was arrested and brought to the jail.

17. For all times relevant to this lawsuit, there was a policy, routine and customary practice to search all individuals taken into custody at the Siloam Springs Police Department and Jail, regardless of the dictates of *Bell v Wolfish* and *Jones v Edwards*. This policy, custom, and routine was explicitly known, approved, authorized, and implemented by Defendants Joe Garrett and Jerry Toler. This policy was to strip and body-cavity search any person arrested for any offense at the pre-trial stage. The policy and subsequent action were implemented with a reckless and callous indifference to the rights of the Plaintiffs, and thus subject all Defendants to liability for punitive damages.

## CLASS ALLEGATIONS

18. The named Plaintiffs bring this action as individuals and as representatives of all others similarly situated who have been subject to the same type of unlawful searches described above.

19. The class consists of all persons who have been injured in any way by the unconstitutional practices, acts and policies of the Defendants and their agents. On information and belief, there are over one thousand (1000) persons in the class.

20. Questions of fact and/or law exist which are common to all members of the putative class. These questions include, but are not limited to:

    a. Whether the Defendants' conduct violated the laws and protections of the United States Constitution, 4th & 14th Amendments by being unlawfully stripped and body-cavity searched without reasonable cause;

    b. What is the proper measure of damages and other remedies for the defendants' violations of law?

21. The Plaintiffs will fairly and adequately protect and represent the interest of the class. Plaintiffs seek no relief that is antagonistic or adverse to the members of the class. Plaintiffs' rights and damages suffered are typical of all members of the class. The Defendants have acted or have refused to act on grounds applicable to the entire class. Plaintiffs' counsel is able and experienced in the prosecution of federal civil rights cases based upon the 4th Amendment. Plaintiffs' counsel has adequate resources in manpower and money to pursue this case through trial and any appeal.

22. A class action is the only appropriate method for the adjudication of this controversy. Individual actions by individual members would create a risk of

inconsistent results and would be unnecessary and repetitive of this litigation. Such individual actions would work a hardship on each and every member of each class and the court system.

23. All of the injuries to the Plaintiffs are done under color of law as defined by Title 42 U.S.C. Sec. 1983. The Defendants acted under color of state laws, statutes, ordinances, regulations, policies, customs, and usage of the State of Arkansas, and the City of Siloam Springs, Arkansas, in intentionally, deliberately, and with deliberate indifference violating the Plaintiffs' and all class members' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

24. Jury trial demanded.

## DEMAND FOR JUDGMENT

25. THEREFORE, the Plaintiffs demand the following relief from all Defendants, jointly and severally:

    A.) Compensatory damages;

    B.) Punitive damages;

    C.) Costs of this action;

    E.) Necessary and reasonable attorney's fees and expenses;

    F.) Any and all other relief to which the Plaintiffs and class members are entitled by law.

NANCY ZAMARRON, ET AL.
PLAINTIFFS

BY: _____

Page 8 of 9

Doug Norwood, Ark. Bar No. 87-097
Norwood & Norwood, P.A.
PO Box 1960
Rogers, Arkansas 72757
(479) 636-1262 Ph.
(479) 636-7595 Fax